UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
JACK FRIED and STACY FRIED,

                           Plaintiffs,

                          -against-

AGOVINO & ASSELTA, LLP and
PARSHHUERAM T. MISIR,

                           Defendants.
----------------------------------------------------------x

**CV 07  3476**

**COMPLAINT**

**BIANCO, J.**

**Index No.:** _____

Hon.: **ORENSTEIN, M.J.**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 21 2007 ★
BROOKLYN OFFICE

      Plaintiffs, Jack Fried and Stacy Fried, by and through their counsel, Sokolski & Zekaria, P.C., as and for their complaint against the Defendants, respectfully set forth and allege as follows:

## INTRODUCTION

1.     This is an action brought pursuant to 15 U.S.C. §1692, *et seq.*, Fair Debt Collection Practices Act, ("FDCPA").

## PARTIES

2.     At all times relevant herein, Plaintiffs Jack Fried and Stacy Fried were and still are natural persons residing in the County of Nassau, State of New York.

3.     Upon information and belief, at all times relevant herein, Defendant Agovino & Asselta, LLP was and still is a domestic limited liability partnership existing by and under the virtue of the laws of the State of New York, and maintaining its principal place of business in the County of Nassau, State of New York at 170 Old County Road, Suite 608, Mineola, New York 11501.

4.     Upon information and belief, Defendant Parshhueram T. Misir was and still is a natural person, and attorney licensed to practice law in the State of New York, and maintains a principal place of business in the County of Nassau, State of New York, at 170 Old County Road, Suite 608, Mineola, New York 11501.

5. Upon information and belief, at all times relevant herein, Defendant Parshhueram T. Misir was and still is employed by Defendant Agovino & Asselta, LLP.

6. Upon information and belief, at all times relevant herein, Defendant Agovino & Asselta, LLP was and still is a "debt collector," as defined in 15 U.S.C. §1692a(6), in that it regularly attempted and attempts to directly or indirectly collect debts owed to creditors, alleged creditors, persons, entities and/or companies within, *inter alia,* the State of New York.

7. Upon information and belief, at all times relevant herein, Defendant Parshhueram T. Misir was and still is a "debt collector," as defined in 15 U.S.C. §1692a(6), in that he regularly attempted and attempts to directly or indirectly collect debts owed to creditors, alleged creditors, persons, entities and/or companies within, *inter alia,* the State of New York.

8. Upon information and belief, the amounts alleged due and demanded by the Defendants on behalf of creditors, alleged creditors, persons, entities and/or companies within the State of New York are "debt[s]" as defined by 15 U.S.C. §1692a(5), in that the obligations demanded arise out of transactions that are primarily for personal, family and/or household purposes.

9. Upon information and belief, Defendants, on behalf of creditors, alleged creditors, persons, entities and/or companies attempted and attempts, directly or indirectly to collect debts owed by consumers other than the Plaintiffs within the State of New York.

## JURISDICTION AND VENUE

10. This Court has jurisdiction pursuant to 15 U.S.C. §1692k and 28 U.S.C. §1331.

11. Venue is properly placed in this District pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1391(b)(2).

## AS AND FOR A FIRST CAUSE OF ACTION

12. Plaintiffs repeat and reiterate the allegations contained in paragraphs 1 through 11 with the same force and effect as if the same were set forth at length hereat.

13. That a debt was allegedly incurred by the Plaintiffs to Square One LLC or Jacques

Baghdadi d/b/a Square One ("purported creditor").

14. That the nature of the alleged debt, *to wit*, labor and materials for renovations to Plaintiffs' home, were primarily for the personal, family and/or household purposes of the Plaintiffs.

15. Upon information and belief, on or about August 22, 2006, on behalf of the purported creditor, Defendants prepared, authorized, issued, sent, caused to be sent and/or communicated an initial written communication conveying information regarding the aforementioned alleged past due debt, demanding directly or indirectly, the payment of said past due debt and made in connection with the collection of said alleged debt, dated August 22, 2006.

16. The aforementioned August 22, 2006 written communication was accompanied by a purported Notice of Mechanics Lien that Defendants threatened would be filed with the Nassau County Clerk.

17. The August 22, 2006 written communication was made on the letterhead of Defendant Agovino & Asselta, LLP and signed by Defendant Parshhueram T. Misir.

18. Upon information and belief, the aforementioned Notice of Mechanics Lien was prepared by Defendants, their principals, agents and/or employees.

19. Both the August 22, 2006 communication and purported Notice of Mechanics Lien were received by the Plaintiffs subsequent to August 22, 2006.

20. Upon information and belief, the August 22, 2006 written communication was the initial communication from the Defendants to the Plaintiffs concerning the aforementioned alleged past due debt.

21. The Notice of Mechanics Lien contained false information as to the total agreed price and amount paid to the purported creditor.

22. The Notice of Mechanics Lien and accompanying letter from Defendants misrepresents the name of the creditor.

23. Plaintiff Jack Fried subsequently contacted Defendants office by telephone several

times, after Plaintiffs' receipt of the August 22, 2006 communication and purported Notice of Mechanics Lien, and spoke with Defendant Parshhueram T. Misir.

24. On several occasions, Defendant Parshhueram T. Misir demanded Plaintiffs' payment of the alleged debt on behalf of the purported creditor.

25. The August 22, 2006 initial written communication is completely devoid of the litany of warnings and notices required by 15 U.S.C. §1692g.

26. The August 22, 2006 letter fails to, *inter alia*, adequately advise the Plaintiffs of their rights as required by 15 U.S.C. §1692g(a), because the thirty (30) day validation notice required by 15 U.S.C. §1692(g)(a) was not placed anywhere in the initial communication.

27. The language in the aforementioned initial communication violates 15 U.S.C. §1692(g), because it contradicts the requirement that the Plaintiffs be advised of a thirty (30) day period in which to dispute the bill.

28. Defendants otherwise failed to give Plaintiffs notice of his rights as mandated by 15 U.S.C. §1692g within five (5) days of Defendants' initial communication to the Plaintiffs.

29. Upon information and belief, the aforementioned August 22, 2006 initial communication demands and/or attempts to collect amounts, directly or indirectly that the Defendants knew, or should have known, were not owed or were disputed by the Plaintiffs.

30. Upon information and belief, in telephone calls made by Plaintiff Jack Fried after Plaintiffs' receipt of the August 22, 2006 initial communication, Defendant Parshhueram T. Misir continued to demand payment and/or attempt to collect amounts, directly or indirectly that Defendant Parshhueram T. Misir knew, or should have known, were not owed or were disputed by the Plaintiffs.

31. Defendants violated 15 U.S.C. §1692e(11) in Defendants' August 22, 2006 initial communication and subsequent telephone conversations between Plaintiff Jack Fried and Defendant Parshhueram T. Misir, by failing to provide any part of the notice required by 15 U.S.C. §1692e(11) in any of those communications.

32. All of the aforementioned alleged debt arose from home improvements as contemplated by Nassau County Administrative Code §21-11.2.

33. At all time relevant herein, Nassau County Administrative Code §21-11.2 strictly required and still requires any contractor who performs home improvements in Nassau County to be licensed by the Nassau County Office of Consumer Affairs.

34. Aside from an almost complete failure in workmanlike performance, acceptable quality of renovation and damage to Plaintiffs' property caused by the purported creditor – claims that are not the subject of this action (other than the fact that the alleged debt was disputed and known to be disputed by Defendants) – neither 'Square One, LLC', nor Jacques Baghdadi d/b/a Square One or any other version of the purported creditor's name was listed as having a required home improvement contractor's license with the Nassau County Office of Consumer Affairs at the time when renovations were considered, marketed, contracted for, started, paid for by Plaintiffs and ceased by the purported creditor.

35. Upon information and belief, the purported creditor was not licensed as a home improvement contractor with the Nassau County Office of Consumer Affairs at the time when renovations were considered, marketed, contracted for, started, paid for by Plaintiffs and ceased by the purported creditor.

36. Under New York statutory law, and case law from the New York State Supreme Court, Appellate Division, Second Department, a contractor who performs home improvements without proper licensing in Nassau County violates the law.

37. Under New York statutory law, and case law from the New York State Supreme Court, Appellate Division, Second Department, a contractor who performs home improvements without proper licensing in Nassau County forfeits, and is not entitled to, any agreed upon payment or payment in *quantum meruit*.

38. Under New York statutory law, and case law from the New York State Supreme

Case 2:07-cv-03476-JFB-MLO   Document 1   Filed 08/21/07   Page 6 of 8 PageID #: 8

Court, Appellate Division, Second Department, a contractor who performs home improvements without proper licensing in Nassau County forfeits and is not entitled to a lien or lien enforcement for any agreed upon payment or payment in *quantum meruit*.

39. That the Defendants' initial August 22, 2006 communication and the accompanying purported Notice of Mechanics Lien falsely, deceptively and/or misleadingly represented the character, amount and/or legal status of the alleged debt, in violation of 15 U.S.C. §1692e(2)(A).

40. Upon information and belief, during subsequent telephone calls with Plaintiff Jack Fried, Defendant Parshhueram T. Misir also falsely, deceptively and/or misleadingly represented the character, amount and/or legal status of the alleged debt, in violation of 15 U.S.C. §1692e(2)(A).

41. Defendants violated 15 U.S.C. §1692f(1) by attempting to collect amount(s) that were not provided for by agreement or permitted by law.

42. On September 15, 2006, Plaintiffs' counsel sent Defendants a written communication, by fax and first class mail, advising Defendants that, *inter alia*, the debt was disputed, that Defendants' client was not licensed as a home improvement contractor with the Nassau County Office of Consumer Affairs, that Defendants' client was liable for the return of all monies already paid to the purported creditor by Plaintiffs as well as substantial damages to their property, demanding withdrawal of the Notice of Mechanics Lien and/or vacatur of any Mechanics Lien filed with the Clerk of Nassau County and demanding verification of the alleged debt.

43. Despite the September 15, 2006 communication to Defendants, Defendants continued efforts to collect the debt without mailing verification of same to Plaintiffs or their counsel, in violation of 15 U.S.C. §1692g(b).

44. Despite the September 15, 2006 communication to Defendants, Defendants did not withdraw their Notice of Mechanics Lien and/or vacate any Mechanics Lien filed with the Clerk of Nassau County.

45. Despite the September 15, 2006 communication to Defendants, Defendants filed the

purported Mechanics lien with the Clerk of Nassau County.

46. Defendants violated 15 U.S.C. §1692e(4) in their initial August 22, 2006 communication and subsequent telephone conversations between Plaintiff Jack Fried and Defendant Parshhueram T. Misir, by representing that the Plaintiffs' nonpayment of the alleged debt would result in a lien upon their property, which lien and/or debt allegedly supporting such lien were violative of the Administrative Code of Nassau County and/or null and void.

47. Defendants violated 15 U.S.C. §1692e(4) in their initial August 22, 2006 communication and subsequent telephone conversations between Plaintiff Jack Fried and Defendant Parshhueram T. Misir, by threatening to file a lien upon Plaintiffs' property, which lien and/or debt allegedly supporting such lien were violative of the Administrative Code of Nassau County and/or null and void.

48. Due to all of the foregoing, Defendants also violated 15 U.S.C. §1692e(10).

49. Defendants also violated 15 U.S.C. §1692e(10) by attempting to collect an alleged debt that the purported creditor was not entitled to.

50. Based upon all of the foregoing, Plaintiffs have suffered actual and statutory damages in amounts to be determined at trial. Plaintiffs have and will continue to suffer the costs, expenses and legal fees for removal of the unauthorized, unlawful and deceptive Mechanics Lien filed by Defendants against Plaintiff's real property.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, pray for judgment as follows:

(a) Awarding Plaintiffs their actual damages against Defendants, in an amount to be determined at trial, together with interest thereon;

(b) Awarding Plaintiffs the maximum amount of statutory damages against Defendants, pursuant to 15 U.S.C. §1692(k);

(c) Awarding Plaintiffs their costs and expenses of this litigation against Defendants,

including reasonable attorney's fees, accountant's fees and expert's fees and other costs and disbursements, as mandated by 15 U.S.C. §1692(k); and

  (d)  Awarding Plaintiffs such other and further relief as may be just and proper under the circumstances.

Dated:  August 21, 2007
     New York, New York

Yours, etc.

SOKOLSKI & ZEKARIA, P.C.
*Attorneys for Plaintiffs*

BY: ROBERT E. SOKOLSKI, ESQ. (RS-4835)
305 Broadway - Suite 402
New York, New York 10007
(212) 571-4080